IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          Case No. 2:15-cr-214
    v.                                 Judge Gregory L. Frost

ERIC DURELL CHAVIS,

        Defendant.

## OPINION AND ORDER

This matter came on for consideration upon Defendant's Motion to Dismiss (ECF No. 102) filed on January 2, 2016 and upon the Government's Opposition (ECF No. 115) filed on January 27, 2016.

For all the reasons contained in the Government's Opposition, Defendant's Motion is not well taken and the Court **DENIES** the same.

## BACKGROUND

Defendant and his three co-defendants were charged in a criminal complaint with Use of a Minor to Engage in Sexually Explicit Activity for the Purpose of Producing a Visual Depiction of Such Activity in violation of 18 U.S.C. §2151(2) and Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Activity in violation of U.S.C. 2252(a).  The complaint was filed on August 19, 2015 and Defendant was arrested on August 20, 2015.   Thereafter, on September 16, 2015, within the required thirty days after Defendant's arrest, the Grand Jury returned an Indictment charging Defendant with four counts of Conspiracy to Produce Child Pornography in violation of 18 U.S.C. 2251(a) and (e).  The other three co-defendant's were

1

charged with Sexual Exploitation of Children. The final co-defendant, Carlton S. Jackson, was arrested and appeared for his initial appearance on October 6, 2015. On October 8, 2015, all four co-defendants were arraigned on the Indictment and entered pleas of not guilty. The first trial date was scheduled for November 16, 2015. On October 21, 2015, co-defendant Jackson filed a motion to continue the trial date. No objections to the requested continuance were received and on October 26, 2015 the Court granted the motion and continued the trial until February 1, 2016. The Court specifically found that the ends of justice served by continuing the trial date outweighed the interests of the public and the defendant in a speedy trial (ECF No. 61 and citing to 18 U.S.C. §3161(h)(8)(A)). The Court specifically found that the delay caused by the continuance was properly excluded from the Speedy Trial Act's time limitations. On December 31, 2015, Defendant filed a Motion for Release from Custody (ECF No. 81). Defendant, himself rather then by his attorneys, then filed two motions. First, a Motion to Appoint New Counsel (ECF No. 100) was filed on January 19, 2016. Second, a Motion to Dismiss on Speedy Trial Grounds (ECF No. 102) was filed on January 21, 2016.

## ANALYSIS

The Court must first determine when the speedy trial clock begins to run. The Speedy Trial Act, 18 U.S.C. §3161(c)(1) provides that the time begins to run from the filing of the Indictment. In this case, that was September 16, 2015. But, with multiple defendant cases, the United States Supreme Court has held in *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) that the speedy trial mandate begins when the last co-defendant appears before a magistrate judge and the Indictment is made public. In this case, that was October 8, 2015.

Absent any tolling, the Speedy Trial Act would therefore require the trial in this matter to

commence on or before December 17, 2015.  The judge previously assigned to the case scheduled the trial for November 16, 2015, well within the required time limit.  On October 21, 2015, co-defendant Jackson filed a motion for a continuance.  At that time only thirteen days had elapsed.  The motion filed by the co-defendant tolled the speedy trial calculation for all co-defendants.  *See, United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002) and *United States v. Culpepper*, 898 F.2d 65, 66-67 (6th Cir. 2002).  No objection was filed regarding the motion for a continuance and the co-defendant's case was not severed from the other co-defendants' cases.  Five days later, the judge granted the motion and continued the trial of all co-defendants to February 1, 2016.  In so doing, the Court found that ends of justice were served by continuing the matter beyond the Speedy Trial Act time limits.  With that specific finding, the speedy trial clock was tolled until February 1, 2016.  *See*, 18 U.S.C. §3161(h)(8), *United States v. Stewart*, 628 F.3d 246, 253 (6th Cir. 2010), and *United States v. Zedner*, 547 U.S. 489, 506-07 (2006).

The Speedy Trial Act calculation begins to run again after February 1, 2016 and therefore the Speedy Trial clock would not expire until March 28, 2016.  And these calculations do not even take into consideration other motions filed by the co-defendants that could conceivably extend the time limit further.  Thus, the trial scheduled for February 1, 2016 does not violate Defendant's right to a speedy trial.

## CONCLUSION

Defendant's Motion is found to be not well taken and the same is hereby **DENIED**.

**IT IS SO ORDERED**.

    /S/   GREGORY L. FROST
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE