**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| vs. . | : | Case No. 2:15-cr-00214 |
| ERIC CHAVIS, | : | Honorable Michael Watson |
| Defendant. | : | |

**Defendant's Sentencing Memorandum**

    Now comes the defendant, by and through counsel, and respectfully moves this Honorable Court to consider the following prior to the imposition of sentence herein. It is the position of the defendant that, given the facts and circumstances of the instant case, the Court should impose the statutory minimum sentence herein. Additional support for Mr. Chavis's position is provided in the memorandum below.

    Respectfully submitted,

/s/ Andrew T. Sanderson
Andrew T. Sanderson
Ohio Supreme Court #0066327
Attorney for the Defendant
Burkett & Sanderson, Inc.
738 East Main Street
Lancaster, Ohio  43130
(740) 687-5645

1

**Memorandum in Support**

Mr. Chavis has entered a plea in connection with the above captioned matter. Mr. Chavis entered a guilty plea in this case to Count One of the indictment – Conspiracy to Produce Child Pornography, in violation of 18 U.S.C. §§2251(a) and (e). It is important to note that the offense in question carries a mandatory sentence of not less than 15 years in prison. In preparation of sentencing, a pre-sentence report has been prepared and provided to this Honorable Court by the United States Probation Department. No objections to the PSR have been raised by Mr. Chavis. The report recommends a sentence consistent with this request and the binding plea agreement between the parties.

The imposition of the mandatory minimum sentence in this case will impose a heavy sanction upon this defendant. He will be imprisoned for the next fifteen years and likely be subject to a lifetime of monitoring and supervision. Such a penalty is surely sufficient to satisfy any sentencing requirements or mandates in this case.

These offenses, while clearly serious, do not fit neatly into the type of cases typically prosecuted under this statute. Mr. Chavis made no secret of his activity and behavior and was not trying to hide his actions from the authorities. He, in his heart of hearts, did not believe he was committing a crime. While he was obviously mistaken in that belief, he lacks the malice aforethought that is often punished in such a harsh manner. In his mind, his actions were between consenting individuals that he believed, and had reason to believe, were adults. He has learned a serious lesson through the instant prosecution and will pay for his actions every day of his sentence.

The nature and circumstances of the instant offense are clearly those of a very serious crime (Mr. Chavis has pled to a Class B felony charge) that impacted the victims in a lasting manner. He did not realize the impact of his actions at the time of his offense and did not recognize the criminal nature of the same until his arrest and prosecution. He truly thought that he was making "art" that would be appreciated by a specific segment of the community and that the other "actors" were

willing participants with the same goals. While that was clearly not the case, it does give insight into the nature of the offenses. While not an excuse for his behavior, this is a factor that should be considered by the Court in determining what sentence is appropriate herein.

Of obviously greater importance, Mr. Chavis has come to recognize the wrongfulness of his prior actions. Mr. Chavis was brought into this behavior by a community and lifestyle he sought to emulate. Similar videos (albeit involving consenting adults) are found on popular television shows and easily viewed on the internet. While his choice of music and subject matter may have been degrading and distasteful, it is not so very different than that which has made millions of dollars for other performers. With that said, Mr. Chavis is a chastened man. He now sees the pieces for what they are – not only criminal, but inappropriate. While he continues to hold hopes of music career, he plans to pursue the same in a wholly different manner.

Mr. Chavis recognizes that his practices cannot be excused by simply saying that "everyone else was doing it too" or by turning a blind eye to what he now knows to be wrong. These are life lessons that Mr. Chavis will carry with him as he moves forward and are not things that will easily be forgotten by this defendant. For a man who has basically no criminal history, the prosecution of this case in and of itself has been a terrible penalty.[1] He has felt the impact of this directly and will continue to deal with the consequences of his actions long into the future. These consequences are a penalty that impacts a defendant like Mr. Chavis to a great extent. In all cases, questions of deterrence must be considered. There are two types of deterrence – that specific to the offender and that in general to the public. In the instant case, Mr. Chavis's own conduct has now been deterred. General deterrence is also satisfied by the lengthy sentence to be imposed in this case. Any Google search of Mr. Chavis' name will show that he was sent to prison for fifteen years for his actions.

As a final consideration, it must be recognized that the nature of the convictions herein require that Mr. Chavis serve at least fifteen years in prison. Congress has determined that the

---

[1] While Mr. Chavis' Criminal History is properly scored as category III, he has only one adult conviction – that being a felony of the fourth degree under Ohio law.

crimes must result in a lengthy period of incarceration. What then must be determined is what is necessary to further punish Mr. Chavis to the extent necessary to satisfy the purposes and principal of Federal sentencing. In the instant case, Mr. Chavis maintains that a minimal amount of time is sufficient for such a goal.

As the Court is well aware, the Federal Sentencing Guidelines have been held to be advisory and do not limit the authority of this Honorable Court to impose sentence herein. *United States v. Booker*, United States Supreme Court Case Number 04-104 (2005). This means that the court may rely upon its own discretion and judgment – within limits – to determine the appropriate sentence to be imposed upon a criminal offender. This experience has taught Mr. Chavis a very serious lesson. For each of these reasons, Mr. Chavis respectfully moves this Honorable Court to impose the mandatory minimum sentence herein.

/s/ Andrew T. Sanderson
Andrew T. Sanderson
Ohio Supreme Court #0066327
Attorney for the Defendant

**Certificate of Service**

I hereby certify that a copy of the foregoing Sentencing Memorandum was served on Heather Hill and Jessica Kim, the office of United States Attorney, on this 14th day of September, 2016.

/s/ Andrew T. Sanderson
Andrew T. Sanderson
Ohio Supreme Court #0066327
Attorney for the Defendant