# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**ERIC D. CHAVIS,**

           **Petitioner,**

         **v.**

**UNITED STATES OF AMERICA,**

         **Respondent.**

**Case No. 2:17-cv-1025**
**Crim. No. 2:15-cr-214(1)**
**Judge Michael H. Watson**
**Chief Magistrate Judge Elizabeth P. Deavers**

## ORDER and
## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a federal prisoner, brings this *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 238.) This matter is before the Court on the motion to vacate and supplemental memorandum in support, Respondent's *Response in Opposition*, Petitioner's *Reply,* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the *Motion to Vacate under 28 U.S.C. § 2255* be **DENIED** and that this action be **DISMISSED**.

Petitioner's *Motion to Appoint Counsel* (ECF No. 247) and request for an evidentiary hearing are **DENIED.** The *Motion for Correcting any and all Procedural Filings* (ECF No. 252) is **DENIED**, as moot.[1]

**Facts and Procedural History**

On June 7, 2016, Petitioner pleaded guilty pursuant to the terms of his *Plea Agreement* to Count One of the Indictment, which charged him with conspiracy to produce child pornography or using a minor to engage in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a), (e). (ECF

---

[1] In the *Motion for Correcting any and all Procedural Filings*, Petitioner requests to withdraw his previously filed *Motion to Dismiss Procedural Default Motion*; however, the Court has already dismissed that motion. *Order* (ECF No. 251.)

Nos. 202, 204.)  On September 29, 2016, the Court imposed 180 months imprisonment, to be followed by ten years of supervised release.  (ECF No. 222.)  Petitioner did not file an appeal.

On November 6, 2017, he filed a *Motion for Extension of Time to File § 2255 Motion*.[2] (ECF No. 234.)  On November 9, 2017, the Court denied that motion.  (*Order*, ECF No. 236.)

On November 21, 2017, Petitioner filed the instant *Motion to Vacate under 28 U.S.C. § 2255*.  (ECF No. 238.)  He indicates that, on November 16, 2017, he submitted the motion with prison officials for mailing.  (ECF No. 238-1, PAGEID # 831.)  Petitioner asserts that he was denied effective assistance of counsel, as his guilty plea was unlawfully induced and involuntarily made without an understanding of the consequences of the guilty plea (claim one); because his attorney failed to file an appeal (claim two); because his attorney failed to move for dismissal of the Indictment (claim three); and because defense counsel failed to object to the enhancement of Petitioner's sentence under U.S.S.G. § 4B1.5 (claim four).  It is the position of the Respondent that the motion to vacate should be dismissed as untimely, and alternatively that Petitioner's claims are without merit.

**Statute of Limitations**

28 U.S.C. § 2255(f) provides for a one-year statute of limitations in connection with the filing of federal habeas corpus petitions, as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] The Motion for Extension of Time is dated October 30, 2017.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner did not file an appeal. Therefore, his conviction became final under the provision of § 2255(f)(1), on October 25, 2016, that is fourteen days after the October 11, 2016, *Judgment* of sentence, when the time period expired to file an appeal. *See* Fed. App. R. 4(b)(1)(A); *Harris v. United States*, 686 F. App'x 345, 347 (6th Cir. 2017) (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004) ("When a federal criminal defendant does not appeal to the court of appeals, the judgment become final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed")). The statute of limitations began to run the next day, and it expired on October 26, 2017. Petitioner indicates that, on November 16, 2017, he submitted the 2255 motion with prison officials for mailing. (ECF No. 238-1, PAGEID # 831.) It is therefore untimely.[3]

Petitioner nonetheless contends that the Court should equitably toll the running of the statute of limitations, because he needed to prepare Affidavits in support and conduct legal research, he has had difficulty obtaining documents from his former defense counsel, his attorney failed to file a timely appeal, and Petitioner did not know exactly when the statute of limitations would expire. (*Reply*, ECF No. 249, PAGEID # 918.) According to Petitioner, he

---

[3] Petitioner executed the *Motion for Extension of Time to File § 2255 Motion* on October 30, 2017, also after the one-year statute of limitations had already expired. (ECF No. 234, PAGEID # 784.)

asked his attorney to file an appeal before they entered the courtroom.[4]  He has submitted his

Affidavit in support of this § 2255 motion.  Petitioner maintains that he is innocent of the

charges, and that the government's confidential informant could have provided exculpatory

evidence for the defense.  (ECF No. 249-1, PAGEID # 923-930.)

A petitioner is entitled to equitable tolling only if he shows "1) that he has been pursuing

his rights diligently, and 2) that some extraordinary circumstances stood in his way" and

prevented his timely filing.  *Holland v. Florida*, 560 U.S. 631, 650 (2010) (citing *Pace v.*

*DiGuglielmo,* 544 U.S. 408, 418 (2005)).  The Petitioner bears the burden of demonstrating that

he is entitled to equitable tolling.  *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).  A prisoner's

*pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the

prison's law library or to legal materials do not provide a sufficient justification to apply

equitable tolling of the statute of limitations. *Lacking v. Jenkins,* No. 2:15-cv-3069, 2016 WL

4505765, at *4 (S.D. Ohio Aug. 29, 2016) (citing *Hall v. Warden*, *Lebanon Correctional Inst.*,

662 F.3d 745, 751 (6th Cir. 2011)).  These are conditions typical for many prisoners and do not

rise to the level of exceptional circumstances.  *Id*. (citing *Allen v. Yukins*, 366 F.3d 396, 403 (6th

Cir. 2004).   Here, Petitioner does not allege, and the record does not reflect, that any

extraordinary circumstances prevented him from timely filing his § 2255 Motion.  Defense

counsel's alleged failure to file the appeal did not prevent Petitioner from timely pursuing relief

in these proceedings on his own.  Likewise, Petitioner's preparation of an Affidavit in support

does not warrant equitable tolling.

---

[4] On the record, however, Petitioner waived his right to appeal the sentence or to challenge it in collateral proceedings, unless the Court imposed a sentence above the statutory maximum, which the Court did not do.  In his plea agreement, he only retained the right to challenge his sentence based on a claim of ineffective assistance of counsel or prosecutorial misconduct. *Plea Agreement* (ECF No. 202, PAGEID # 667.)

The one-year statute of limitations may be equitably tolled upon a "credible showing of actual innocence." *See Cook v. Ohio*, No. 2:15-cv-02669, 2016 WL 374461, at *10 (S.D. Ohio Feb. 1, 2016) (citing *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005)). Accordingly, "a petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly,* No. 1:11-cv-1271, 2012 WL 487991, at *1 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal sufficiency. *See Bousely v. United States,* 523 U.S. 614, 623 (1998). However, the Petitioner must overcome a high hurdle in order to establish his actual innocence.

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S. Ct. 851, 130 L.Ed. 2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808 .... "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id*. at 321, 513 U.S. 298, 115 S. Ct. 851, 130 L.Ed.2d 808.

*Souter,* at 589-90 (footnote omitted). "To invoke the miscarriage of justice exception to AEDPA's statute of limitations . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013) (quoting *Schlup*, 513 U.S. at 327). Petitioner has failed to provide credible evidence of actual innocence. He stated, while under oath, that after "extensive

5

discussions" with his attorney he wanted to enter a guilty plea, and that he did so of his own free will because he was guilty of the charge against him. *Transcript* (ECF No. 243, PAGEID # 841-42.) Special Agent Dalga provided a lengthy summary of the facts supporting Petitioner's guilt, and Petitioner agreed with the accuracy of those facts. (PAGEID # 846-53.) Petitioner has failed to establish he is entitled to equitable tolling under this exception.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that the Motion be **DENIED** and this action be **DISMISSED.**

Petitioner's *Motion to Appoint Counsel* (ECF No. 247) and request for an evidentiary hearing are **DENIED.** The *Motion for Correcting any and all Procedural Filings* (ECF No. 252) is **DENIED**, as moot.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of

the District Court adopting the *Report and Recommendation.*  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 *s/ Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
Chief United States Magistrate Judge
