# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ERIC D. CHAVIS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:17-cv-1025
Crim. No. 2:15-cr-214(1)
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On May 9, 2018, the Magistrate Judge issued an Order and Report and Recommendation recommending that the Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 238) be dismissed, and that Petitioner's Motion to Appoint Counsel (ECF No. 247), request for an evidentiary hearing, and Motion for Correcting any and all Procedural Filings (ECF No. 252) be denied. (ECF No. 253.) Petitioner has filed an Objection to the Magistrate Judge's Order and Report and Recommendation. (ECF No. 264.) Pursuant to 28 U.S.C. 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 264) is **OVERRULED**. The Order and Report and Recommendation (ECF No. 253) is **ADOPTED** and **AFFIRMED**. The Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 238) is **DISMISSED**. Petitioner's Motion to Appoint Counsel (ECF No. 247), request for an evidentiary hearing, and Motion for Correcting any and all Procedural Filings (ECF No. 252) are **DENIED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his underlying conviction pursuant to his guilty plea on conspiracy to produce child pornography or using a minor to engage in sexually explicit conduct for the purpose of producing or transmitting a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a), (e). He asserts that he was denied the effective assistance of counsel, as his guilty plea was unlawfully induced and involuntarily made without an understanding of the consequences of the guilty plea (claim one); because his attorney failed to file an appeal (claim two); because his attorney failed to move for dismissal of the Indictment (claim three); and because defense counsel failed to object to the enhancement of Petitioner's sentence under U.S.S.G. § 4B1.5 (claim four). The Magistrate Judge recommended dismissal of Petitioner's claims as barred by the one-year statute of limitations under 28 U.S.C. § 2255(f).

Petitioner objects to the Magistrate Judge's recommendation of dismissal and denial of his request for an evidentiary hearing and the appointment of counsel. He contends that equitable tolling of the statute of limitations should be applied, because he submitted a motion for extension of time to file the § 2255 Motion not long after the statute of limitations had expired, and because he needed to obtain affidavits from family members and conduct legal research. Petitioner asserts that he has diligently pursued relief. He states that he only learned, after examining the PreSentence Investigation Report, about the use the government's confidential informant, and that this prevented his timely filing.

2

Petitioner also again argues that the insufficiency of the Indictment failed to provide him with adequate notice of the charge. He states that he admitted his guilt on the advice of counsel, but maintains his innocence of the charge against him.

As discussed by the Magistrate Judge, applying the provision of 28 U.S.C. § 2255(f)(1), the statute of limitations expired on October 26, 2017. Petitioner waited until October 30, 3017, to file a Motion for Extension of Time to File 2255, and until November 16, 2017, to execute the § 2255 Motion. Thus, it is untimely. Under the provision of 28 U.S.C. § 2255(f)(4), the statute of limitations may not begin to run until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." However, the record does not reflect that this provision applies to any of the claims that Petitioner has raised herein, and Petitioner has had access to all of the facts set forth in the PreSentence Investigation Report long before the expiration of the one-year statute of limitations in this case. The record simply fails to support his claim that any extraordinary circumstance prevented his timely filing. Likewise, the record does not indicate that Petitioner can establish that his actual innocence will justify equitable tolling of the statute of limitations. *See Souter v. James,* 395 F.3d 577, 602 (6th Cir. 2005). To the contrary, Petitioner stated, while under oath, that he was pleading guilty of his own free will and volition, and after extensive discussions with his attorney, with whom he was "completely satisfied." Guilty Plea Transcript (ECF No. 243, PAGEID # 841-42.)

He agreed to the accuracy of a lengthy summary of facts in support of his guilt of the charge against him and admitted his guilt of the offense charged. (PAGEID # 853.) He denied being threatened or coerced into entering his guilty plea. (PAGEID # 859.) These statements "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Further, the record does not reflect either that an evidentiary hearing is required for resolution of this case, or that the interests of justice or due process require the appointment of counsel. 18 U.S.C. § 3006A(a)(2); *see United States v. Stokes*, Nos. 1:10-cr-439-2, 1:12-cv-837, 2013 WL 5566730, at *9 n.5 (N.D. Ohio Oct. 9, 2013) (where the issues presented are "straightforward" the appointment of counsel is not required).

For the foregoing reasons, and for the reasons addressed in the Magistrate Judge's Order and Report and Recommendation, Petitioner's Objection (ECF No. 264) is **OVERRULED**. The Order and Report and Recommendation (ECF No. 253) is **ADOPTED** and **AFFIRMED**. The Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 238) is **DISMISSED.** Petitioner's Motion to Appoint Counsel (ECF No. 247), request for an evidentiary hearing, and Motion for Correcting any and all Procedural Filings (ECF No. 252) are **DENIED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse

4

decision by a district court." *Jordan v. Fisher,* 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's this action as barred by the one-year statute of limitations. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith, and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

5

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
MICHAEL H. WATSON
United States District Judge